The STATE of Ohio, Appellee,

v.

CHURCH, Appellant.

[Cite as *State v. Church*, 161 Ohio App.3d 589, 2005-Ohio-2984.]

Court of Appeals of Ohio,
Fifth District, Morgan County.

Nos. CA04–010 and CA03–007.

Decided June 14, 2005.

Mark J. Howdyshell, for appellee.

Cole J. Gerstner, for appellant.

FARMER, Presiding Judge.

{¶ 1} On October 4, 2002, a Morgan County grand jury indicted appellant, Jackie Church, on one count of attempted aggravated murder in violation of R.C. 2903.01 and one count of felonious assault in violation of R.C. 2903.11, both with firearm specifications, and one count of menacing by stalking in violation of R.C. 2903.211. The charges arose from a shooting incident involving Kristy Hooper.

{¶ 2} On July 8 2003, appellant pleaded guilty to attempted murder and felonious assault and the firearm specifications. By sentencing entry filed September 23, 2003, the trial court sentenced appellant to an aggregate term of 19 years in prison. Upon remand by this court for transcript irregularities, the trial court resentenced appellant on November 4, 2004, to the same 19–year term.

{¶ 3} Appellant filed an appeal, and this matter is now before this court for consideration. The assignments of error are as follows:

{¶ 4} Assignment of error I: "The trial court erred in ordering consecutive sentencing on the felonious assault and the attempted murder charges."

{¶ 5} Assignment of error II: "The court erred in ordering the defendant to pay restitution of an unknown amount."

{¶ 6} Assignment of error III: "The court erred in not finding that the crime of attempted murder and felonious assault are crimes of similar import and merging the offenses."

## I

{¶ 7} Appellant claims that his resentencing was deficient because the trial court failed to state in the record its reasons for imposing consecutive sentences, in violation of *State v. Comer,* 99 Ohio St.3d 463, 2003–Ohio–4165, 793 N.E.2d 473. We disagree.

{¶ 8} In *Comer,* at paragraph one of the syllabus, the Supreme Court of Ohio held, "Pursuant to R.C. 2929.14(E)(4) and 2929.19(B)(2)(c), when imposing consecutive sentences, a trial court is required to make its statutorily enumerated findings and give reasons supporting those findings at the sentencing hearing." R.C. 2929.14(E)(4) states the following:

{¶ 9} "If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

{¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

{¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

{¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."

{¶ 13} We have examined the record of the October 27, 2004 resentencing hearing and, in particular, pages 22–27, and find explicit reasons stated on the record by the trial court. These reasons are not contrary to law and are sufficient to meet the requirements of *Comer*.

{¶ 14} Assignment of error I is not well taken.

## II

{¶ 15} Appellant claims that the trial court erred in ordering an undetermined amount for restitution. We agree.

{¶ 16} In its sentencing entry of November 4, 2004, the trial court ordered appellant "to pay restitution to the victim for counseling, medical bills, and psychological treatment, etc." The state agrees that the restitution amount must be specified. Therefore, the restitution order is reversed, and the matter is remanded to the trial court to specify the amount for restitution.

{¶ 17} Assignment of error II is well taken.

## III

{¶ 18} Appellant claims that the trial court erred in ordering consecutive sentences for attempted murder and felonious assault, as the crimes are of similar import. We disagree.

{¶ 19} The state is correct that *State v. Myers* (Jan. 14, 2002), Perry App. No. 01 CA 5, 2002 WL 54753, is determinative of this issue. In *Myers*, this court held the following:

{¶ 20} "We find the elements of attempted murder and felonious assault do not meet the requirements of [*State v.*] *Rance* [ (1999), 85 Ohio St.3d 632, 710 N.E.2d 699], supra, and so for this reason, the offenses are not allied offenses of similar import. Likewise, we find felonious assault is not a lesser included offense of attempted murder."

{¶ 21} I did not participate in the *Myers* decision, and I disagree with its result.[1] I find the cases cited by appellant to be more persuasive. See *State v. Puckett* (Mar. 27, 1998), Greene App. No. 97CA43, and *State v. Gimenez* (Sept. 4, 1997), Cuyahoga App. No. 71190, 1997 WL 547950.

{¶ 22} Based upon my finding that the cited cases from the other districts are in conflict with our decision in *Myers*, I would deny the assignment of error and certify the following question to the Supreme Court of Ohio:

---

1. There was but one gunshot and one result in this case. All of the victim's injuries stemmed from the one single act of violence by appellant.

{¶ 23} "Are attempted murder and felonious assault crimes of similar import to preclude cumulative sentencing?"

{¶ 24} The judgment of the Court of Common Pleas of Morgan County, Ohio is hereby affirmed in part and reversed in part, and the cause is remanded.

Judgment affirmed in part
and reversed in part,
and cause remanded.

WISE, J., concurs separately.

EDWARDS, J., concurs separately.

WISE, Judge, concurring.

{¶ 25} I concur in Judge Farmer's opinion as it pertains to appellant's third assignment of error. Appellant's third assignment of error raises the issue of whether attempted murder and felonious assault are crimes of similar import.

{¶ 26} Although the majority affirms the sentence rendered by the trial court, in accordance with *State v. Myers* (Jan. 14, 2002), Perry App. No. 01 CA 5, 2002 WL 54753, Judge Farmer notes that he does not agree with the result in the *Myers* decision.

{¶ 27} I write separately to indicate that I agree with the *Myers* decision and its conclusion that the elements of attempted murder and felonious assault do not meet the requirements of *State v. Rance* (1999), 85 Ohio St.3d 632, 710 N.E.2d 699, and therefore are not allied offenses of similar import.

{¶ 28} I also reached the same conclusion in *State v. Morris*, Guernsey App. No. 03 CA 29, 2004-Ohio-6988, 2004 WL 2955226. Accordingly, I agree that the trial court did not err in ordering consecutive sentences for attempted murder and felonious assault.

EDWARDS, Judge, concurring.

{¶ 29} I concur with Judge Farmer as to the disposition of this case. I also concur with Judge Farmer as to the analysis of the first and second assignments of error.

{¶ 30} I write separately to indicate that I concur with Judge Wise as to the analysis of the third assignment of error.