JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Antoine Nicholson ("defendant") appeals his sentences imposed by the Cuyahoga County Common Pleas Court upon his multiple convictions for felonious assault, attempted felonious assault, and attempted murder. For the following reasons, we vacate defendant's sentence and remand for resentencing.
 {¶ 2} The record reveals the following: On August 12, 2004, the Cuyahoga County Grand Jury indicted defendant on one count of attempted murder with firearm specifications, in violation of R.C. 2923.03/2903.03
and 2941.144/2941.145; three counts of felonious assault, in violation of R.C. 2903.11 and 2941.11/2941.145; and two counts of domestic violence, in violation of R.C. 2919.25. Several of these charges contained multiple specifications for firearms.
 {¶ 3} On October 28, 2004, defendant pleaded guilty to one count of felonious assault, one count of attempted felonious assault, and one count of attempted murder, with one firearm specification. On December 1, 2004, the trial court sentenced defendant to consecutive seven-year terms of imprisonment for the attempted murder and felonious assault offense, along with a mandatory three-year sentence for the firearm specification, and an additional consecutive three-year term for the attempted felonious assault, for a total of 20 years in prison.
 {¶ 4} Defendant timely appealed and assigns four errors for our review, which will be addressed out of order and together where appropriate.
 {¶ 5} "III. The trial court erred by ordering convictions for separate counts of felonious assault and attempted murder to be served consecutively because the offenses are allied offenses pursuant to R.C.2941.25 and they are part of the same transaction under R.C. 2929.14."
 {¶ 6} In his third assignment of error, the defendant argues that the trial court improperly failed to merge his convictions for felonious assault and attempted murder. We disagree.
 {¶ 7} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions.State v. Moore (1996), 110 Ohio App.3d 649, 653. Specifically, R.C.2941.25 states:
 {¶ 8} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 9} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 10} In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must assess whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. State v. Rance
(1999), 85 Ohio St.3d 632, 638. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639. The burden of establishing that two offenses are allied falls upon the defendant. State v. Douse (Nov. 29, 2001), Cuyahoga App. No. 79318.
 {¶ 11} Here, defendant was convicted of felonious assault, in violation of R.C. 2903.11, and attempted murder, in violation of R.C.2923.02/2903.02. R.C. 2903.11 provides that no person shall knowingly cause serious physical harm to another or cause or attempt to cause physical harm to another by means of a deadly weapon or dangerous ordinance. R.C. 2903.02, in combination with R.C. 2923.02, provides that attempted murder is committed by purposely engaging in conduct that, if successful, would constitute or result in the purposeful death of another person.
 {¶ 12} This Court has previously held that felonious assault and attempted murder are not allied offenses of similar import, since a felonious assault may occur where the elements of attempted murder would not be satisfied, and likewise, an attempted murder may be accomplished without the use of a deadly weapon or dangerous ordnance. State v.Bostick, Cuyahoga App. No. 82933, 2004-Ohio-1902; State v. Axson,
Cuyahoga App. No. 81231, 2003-Ohio-2182, reversed on other grounds byState v. Axson, 104 Ohio St.3d 24, 2004-Ohio-6396. See, also, State v.Johnson, Lucas App. No. L-03-1206, 2005-Ohio-1222; State v. Williams
(Jan. 17, 2003), Licking App. No. 02-CA-82; State v. Waddell (Aug. 15, 2000), Franklin App. No. 99 AP-1130.
 {¶ 13} We note that the Fifth Appellate District recently addressed this issue in State v. Church, 161 Ohio App.3d 589, 2005-Ohio-2984 and also concluded that felonious assault and attempted murder are not allied offenses of similar import. One of the judges in Church noted that this holding conflicted with holdings made in State v. Puckett (Mar. 27, 1988), Greene App. No. 97CA43 and State v. Gimenez (Sept. 4, 1997), Cuyahoga App. No. 71190.[1] Both Puckett and Gimenez determined that felonious assault and attempted murder were allied offenses of similar import. As the dissent points out, both the felonious assault charge and the attempted murder charge stem from the exact same factual nucleus and involve the same victim. Common sense and fairness dictate the result advocated by the dissent to prohibit sentencing on each charge independently. Nonetheless, we feel constrained by the existing law that prohibits a finding of allied offenses where the elements of felonious assault and attempted murder do not correspond to the degree required for merger. R.C. 2941.25; Rance, supra.
 {¶ 14} Accordingly, a defendant may be convicted of both offenses, and a separate sentence for each offense does not violate R.C. 2941.25 or the constitutional protections against double jeopardy. Assignment of Error III is overruled.
 {¶ 15} "I. The trial court erred in sentencing appellant to more than the minimum prison sentence when he had not previously served a prison term.
 {¶ 16} "II. The trial court erred by ordering appellant to serve a consecutive sentence without making the appropriate findings required by R.C. 2929.14(E)(4)."
 {¶ 17} In his first and second assignments of error, defendant claims that the trial court did not comply with R.C. 2929.14(B) when it departed from the minimum sentence and imposed consecutive sentences. We agree.
 {¶ 18} Pursuant to R.C. 2929.14(B), a trial court must impose the minimum sentence for a felony offender who has not previously served a prison term unless the court specifies on the record that a minimum sentence would demean the seriousness of the offender's conduct or not adequately protect the public from future crime by the offender or others. State v. Comer (2003), 99 Ohio St.3d 463, 469, 2003-Ohio-4165;State v. Edmonson (1999), 86 Ohio St.3d 324, 326, 1999-Ohio-110.
 {¶ 19} The trial court is not required to explain its reasoning for giving more than the minimum sentence; however, it must be clear from the record that it first considered the minimum sentence and then decided to impose a longer sentence based on one of the two statutorily sanctioned reasons under R.C. 2929.14(B). Edmonson, supra at 328; State v. Mondry,
Cuyahoga App. No. 82040, 2003-Ohio-7055. In addition, the statutory findings must be clearly and convincingly supported by the record. R.C.2953.08(G).
 {¶ 20} Pursuant to R.C. 2929.14(E)(4), a trial court may impose consecutive sentences for multiple convictions only when the trial court concludes that the sentence is (1) necessary to protect the public from future crime or to punish the offender; (2) not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) the court finds one of the following: (a) the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control; (b) the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense; or (c) the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime.
 {¶ 21} R.C. 2929.19(B)(2) requires the trial court to state its findings, and its reasons for those findings, on the record when imposing consecutive prison terms for multiple convictions. Comer, supra. Failure to sufficiently state these reasons on the record constitutes reversible error. Id.
 {¶ 22} Here, at the sentencing hearing, the trial judge stated the following, in pertinent part:
 {¶ 23} "After consideration of the record in this case, the oral statements made here today, the pre-sentence investigation report and the purposes and principles of sentencing under Revised Code Section 2929.11, the seriousness and recidivism factors pursuant to Revised Code Section2929.12, and the sentencing guidelines under Revised Code Sections 2929.13
and .14, and the need for deterrence, incapacitation, rehabilitation and restitution, the Court finds that the defendant has pled guilty to felonious assault, attempted murder with a three-year firearm specification, and attempted felonious assault.
 {¶ 24} "After weighing both the seriousness and recidivism factors required by law, the Court finds that the defendant's conduct is more serious than conduct normally constituting the charged offenses, and the recidivism factors indicate that the defendant is more likely to commit future crimes.
 {¶ 25} "* * *
 {¶ 26} "However, there are other exacerbating factors with respect to the age of the victim, [E.K.], being eight years of age at the time of the offense. The offenses at issue were also committed within the vicinity of a child. That being [S.A.'s] child. And the defendant at this point in time, at least in court, does show some remorse for his action.
 {¶ 27} "However, after weighing these factors, the Court does find that a term of incarceration is consistent with the purposes and principles of sentencing set forth in Revised Code Section 2929.11, and will therefore order that the defendant will be sentenced as follows * * *."
 {¶ 28} As can be seen from the excerpt above, the trial court failed to make the necessary findings. First, to properly impose more than the minimum sentence, the trial court had to make at least one of the findings stated in R.C. 2929.14(B)(2), that is, that the shortest term would demean the seriousness of the offense or that the shortest term would not protect the public adequately from future crime. Edmonson,
supra at 326. Here, the trial court did address the seriousness of defendant's crime; however, it did not specify either of the two reasons listed in R.C. 2929.14(B)(2) as supporting its deviation from the minimum sentence.
 {¶ 29} Next, to properly impose consecutive sentences, the trial court had to make three findings as stated in R.C. 2929.14(E)(4), that is, a consecutive term is necessary to protect the public from future crime or to punish the offender, is not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and the crimes were committed while awaiting trial or sentencing, under sanction or under post-release control, the harm caused by multiple offenses was so great or unusual that a single prison term would not adequately reflect the seriousness of the offense, or the offender's criminal history demonstrates that consecutive sentences are necessary to protect the public from future crime. Comer, supra. Here, the trial court did not specify any of the reasons listed in R.C. 2929.14(E)(4) as supporting its decision to impose consecutive sentences.
 {¶ 30} Assignments of Error I and II are sustained.
 {¶ 31} "IV. Appellant's sentencing was a violation of his Sixth and Fourteenth Amendments guarantee of a jury standing between him and the power of the State of Ohio."
 {¶ 32} Defendant's argument that his non-minimum sentence violates the U.S. Supreme Court's decision in Blakely v. Washington[2] has been addressed in this Court's en banc decision of State v. Atkins-Boozer.[3]
In Atkins-Boozer, we held that R.C. 2929.14(B), which governs the imposition of minimum sentences, does not implicate the Sixth Amendment as construed in Blakely. Accordingly, in conformity with that opinion, we reject defendant's contentions and overrule his fourth assignment of error.
Sentence vacated; remanded for resentencing.
It is ordered that appellant recover of appellee his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution. Case remanded to the trial court for resentencing.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kilbane, J., Concurs. McMonagle, J., Concurs in Part and Dissents inPart. (See attached concurring and dissenting opinion).
[1] In Gimenez, this Court concluded that attempted murder and felonious assault were allied offenses of similar import where the offender pointed a gun at an officer and pulled the trigger. However, the court in Gimenez did not engage in a comparison of the elements of the crimes of felonious assault and attempted murder as was done in the subsequent decisions of this Court in Bostick and Axson. In those cases, this Court concluded that the elements of the respective crimes do not correspond to such a degree that the commission of one offense would result in the commission of the other offense. On that basis, this Court held in both Bostick and Axson that the crimes of felonious assault and attempted murder are not allied offenses.
[2] (2004), 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403.
[3] (May 31, 2005), Cuyahoga App. No. 84151.
 CONCURRING AND DISSENTING OPINION