JOURNAL ENTRY AND OPINION
{¶ 1} In this appeal, defendant-appellant Jerome Sandridge ("defendant") appeals from the judgment of the trial court finding him guilty of felonious assault and domestic violence. For the following reasons, we affirm the decision of the trial court.
 {¶ 2} At trial, the following facts were established: On the evening of February 17, 2005, defendant entered into the apartment that he shared with his girlfriend Maggie Larry ("Ms. Larry"). Ms. Larry was sitting at the computer playing online poker. Defendant went into the bathroom. After defendant came out of the bathroom, he approached Ms. Larry from behind, grabbed her neck, thrust his fingers down her throat, and demanded his crack cocaine. Unable to free herself from defendant's grip, Ms. Larry feigned unconsciousness. Defendant then released Ms. Larry and telephoned 911. Defendant told the operator that Ms. Larry was a heart patient, had fainted, hit her neck on a table, and fell unconscious. Defendant then grabbed Ms. Larry's truck keys and left the apartment. Ms. Larry was taken to Fairview Hospital for a checkup and was later released to a shelter because she was afraid to go home. Ms. Larry remained at the shelter for approximately one month. As a result of the incident, Ms. Larry suffered a laceration to her lip, bruises to her throat, and had trouble eating food for three weeks.
 {¶ 3} On April 20, 2005, the Cuyahoga County Grand Jury indicted defendant on one count of felonious assault in violation of R.C. 2903.11, one count of domestic violence in violation of R.C. 2919.25, and one count of intimidation in violation of R.C.2921.04.
 {¶ 4} On November 1, 2005, a jury trial began. Following the testimony of three State's witnesses, the defendant was found guilty of felonious assault and domestic violence as charged in the indictment. The intimidation charge was dismissed by the court. On November 3, 2005, defendant was sentenced to concurrent terms of two years on the felonious assault and six months on the domestic violence.
 {¶ 5} Defendant now appeals and raises three assignments of error for our review.
 {¶ 6} "I. The trial court erred in denying defendant-appellant's motion for acquittal."
 {¶ 7} In his first assignment of error, defendant argues that the State failed to present sufficient evidence to support his conviction for felonious assault. Specifically, defendant argues that there was no evidence that Ms. Larry suffered "serious physical harm."
 {¶ 8} Crim.R. 29(A) provides that a trial court "shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, * * * if the evidence is insufficient to sustain a conviction of such offense or offenses." To determine whether the evidence before a trial court was sufficient to sustain a conviction, an appellate court must view that evidence in a light most favorable to the State. State v.Dennis (1997), 79 Ohio St.3d 421, 430.
 {¶ 9} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the State, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Thompkins (1997), 78 Ohio St.3d 380,386.
 {¶ 10} Here, defendant was charged with felonious assault in violation of R.C. 2903.11. R.C. 2903.11(A)(1) defines the offense of felonious assault, in pertinent part, as "knowingly causing serious physical harm to another * * *."
 {¶ 11} The term "serious physical harm" is defined in R.C.2901.01(A)(5) to include the following:
 {¶ 12} "* * *
 {¶ 13} "(b) Any physical harm which carries a substantial risk of death;
 {¶ 14} "(c) Any physical harm which involves * * * some temporary, substantial incapacity;
 {¶ 15} "* * *
 {¶ 16} "(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain."
 {¶ 17} Construing the evidence in a light most favorable to the State, as we are required to do, there was sufficient evidence which demonstrated that Ms. Larry suffered serious physical harm. Ms. Larry testified that defendant grabbed her by the throat and thrust his fingers down her throat. She testified that she had to seek medical treatment as a result of the incident. Finally, she testified that as a result of the defendant's action, her neck was swollen and bruised, she had a sore throat, and she was unable to eat solid foods for three weeks. This clearly falls within the definition contained in R.C.2901.01(A)(5)(c) and (e) as Ms. Larry suffered some temporary, substantial incapacity and prolonged pain as a result of defendant's assault.
 {¶ 18} Moreover, where injuries to the victim were substantial enough for the victim to seek medical treatment, the jury may infer the victim suffered serious physical harm as defined by R.C. 2901.01(A)(5). See State v. Lee, Cuyahoga App. No. 82326, 2003-Ohio-5640; State v. Jones, Cuyahoga App. No. 80841, 2002-Ohio-6635; State v. Wilson (Sep. 21, 2000), Cuyahoga App. No. 77115. Accordingly, the trial court properly denied defendant's motion for acquittal on this ground.
 {¶ 19} Defendant's first assignment of error is overruled.
 {¶ 20} "II. Appellant's conviction was against the manifest weight of the evidence."
 {¶ 21} In his second assignment of error, defendant argues that his conviction for felonious assault is against the manifest weight of the evidence.
 {¶ 22} While the test for sufficiency requires a determination of whether the State has met its burden of production at trial, a manifest weight challenge questions whether the State has met its burden of persuasion. State v.Thompkins, supra at 390. When a defendant asserts that his conviction is against the manifest weight of the evidence, an appellate court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Thompkins, supra at 387.
 {¶ 23} Here, the jury heard Ms. Larry testify that defendant grabbed her neck and thrust his fingers down her throat. The jury heard Ms. Larry testify that she had bruising and swelling on her neck, a cut to her lip, a sore throat and could not swallow solid foods for approximately two to three weeks following the incident. The jury heard Ms. Larry testify that she was taken to Fairview Hospital for treatment and that she went to a shelter for approximately one month following the incident. Under Statev. DeHass (1987), 10 Ohio St.2d 230, the jury was free to accept or reject any or all of the testimony of the witnesses and assess the credibility of those witnesses. Accordingly, whether Ms. Larry's testimony was credible or not was for the jury to determine. Id. We find, under the circumstances presented in this case, that the jury did not clearly lose its way and create a manifest miscarriage of justice when it determined that defendant did knowingly cause serious physical harm to Ms. Larry in violation of R.C. 2903.11.
 {¶ 24} Upon careful review of the testimony and evidence presented at trial, we hold that the jury did not act contrary to the manifest weight of the evidence in finding defendant guilty of felonious assault. Substantial, competent, and credible evidence supports the jury's verdict.
 {¶ 25} Defendant's second assignment of error is overruled.
 {¶ 26} "III. Defendant-appellant's conviction for felonious assault and domestic violence are allied offenses of similar import."
 {¶ 27} In his third assignment of error, defendant argues that the trial court erred by convicting him of both felonious assault and domestic violence, as the two crimes are allied offenses of similar import.
 {¶ 28} R.C. 2941.25, Ohio's allied offenses statute, protects against multiple punishments for the same criminal conduct in violation of the Double Jeopardy Clauses of the United States and Ohio Constitutions. State v. Moore (1996), 110 Ohio App.3d 649,653. Specifically, R.C. 2941.25 states:
 {¶ 29} "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 {¶ 30} "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 31} In determining whether crimes are allied offenses of similar import under R.C. 2941.25(A), courts must first assess whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other. State v. Rance, 85 Ohio St.3d 632,638, 1999-Ohio-291. If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus. Id. at 638-639. The burden of establishing that two offenses are allied falls upon the defendant. State v.Nicholson, Cuyahoga App. No. 85635, 2005-Ohio-5687.
 {¶ 32} Here, defendant was convicted of felonious assault, in violation of R.C. 2903.11, and domestic violence, in violation of R.C. 2919.25. R.C. 2903.11 provides that no person shall knowingly cause serious physical harm to another. R.C. 2919.25
provides that no person shall knowingly cause physical harm to a family or household member. Accordingly, domestic violence requires proof that defendant (1) knowingly, (2) caused (3) physical harm, (4) to a family or household member. Felonious assault requires proof that defendant (1) knowingly, (2) caused, (3) serious physical harm, (4) to another.
 {¶ 33} Comparing the elements of the two crimes, we find that the elements do not correspond to such a degree that the commission of domestic violence necessarily results in the commission of felonious assault. Domestic violence may occur without a felonious assault, where the harm does not rise to the level of serious physical harm. Likewise, felonious assault may occur without domestic violence, where the victim is not a family or household member.
 {¶ 34} Because we find that the elements of domestic violence and felonious assault do not correspond to such a degree that the commission of one crime will result in the commission of the other, we need not reach the second step of analyzing defendant's conduct. Accordingly, we find that domestic violence and felonious assault are not allied offenses of similar import and the trial court did not err by convicting defendant of both crimes. See State v. Marshall, Summit App. No. 22706,2005-Ohio-5947; State v. Yun (Sept. 10, 2001), Stark App. No. 2000CA00276; State v. Walker (June 30, 2000), Montgomery App. No. 17678.
 {¶ 35} Defendant's third assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Sean C. Gallagher, J., and Michael J. Corrigan, J., concur.