{¶ 1} Appellant Glennie Bowyer appeals his convictions for attempted felonious assault and domestic violence. He assigns the following three errors for our review:
 "I. The trial court committed prejudicial error by denying appellant's motion, pursuant to Crim.R. 33(A)(4), to modify the verdict of attempted felonious assault to assault."
 "II. The verdict of attempted felonious assault is against the manifest weight of the evidence."
 "III. Appellant's convictions for two allied offenses of similar import, to wit: attempted felonious assault and domestic violence, both of which involved the same victim and arose from the same conduct, are improper under Ohio Rev. Code § 2941.25 and constitute plain error."
 {¶ 2} Having reviewed the record and pertinent law, we affirm Bowyer's convictions. The apposite facts follow.
 Bench Trial {¶ 3} Appellant Glennie Bowyer waived his right to a jury trial; therefore, his case proceeded to a bench trial.
 {¶ 4} Bowyer had been living with his mother and stepfather for the past eleven years. According to his mother, he drank excessively and took drugs, which caused him to become hostile.
 {¶ 5} His mother testified when she returned to her home on October 29, 2005, Bowyer was in an angry mood and yelled profanities at her and told her he *Page 4 
wished she had not come home. After a conversation regarding a portable heater, Bowyer yelled profanities at his mother and grabbed her by her throat, pushed her against the wall, and threatened to kill her. She testified that his grip was tight; he eventually let go and walked into the other room, but continued yelling at her.
 {¶ 6} After the mother finished her breakfast she walked past Bowyer. He grabbed her by her arms and pushed her against the door frame of his bedroom. She immediately began screaming for her husband who was outside. Bowyer pulled her up and stated, "see what you made me do." She told him she was going to call the police. She then left the house and called the police from her van. By the time police arrived, Bowyer was gone. She called the police when Bowyer later returned, and he was arrested.
 {¶ 7} As a result of the assault, the mother sustained bruising to her arms, her neck, and her left rib cage area. The bruising looked severe; however, she admitted that she was a diabetic and had been told by her doctor that diabetics bruise easily. She went to the hospital approximately five hours after the assault due to the pain and bruising. She was told she sustained bruising to her chest wall and it would take approximately one month to heal. According to the mother, Bowyer had hit her and threatened her in the past, but not to the extent he did this last time.
 {¶ 8} Detective Deirdre Jones investigated the victim's complaint. She stated that Bowyer initially denied doing anything to his mother. However, once she showed him the photographs of his mother's injuries, he contended it was an *Page 5 
accident. He claimed he had accidentally bumped her as she walked past him causing her to fall.
 {¶ 9} The trial court found Bowyer not guilty of felonious assault, but guilty of the lesser included offense of attempted felonious assault and domestic violence. The trial court sentenced Bowyer to two years of community control sanctions, which included in-patient treatment for his addiction.
 Motion to Modify Verdict {¶ 10} In his first assigned error, Bowyer argues the trial court erred by failing to grant his motion to modify his attempted felonious assault conviction to misdemeanor assault. Bowyer contends the evidence indicated he voluntarily abandoned his attack on his mother; therefore, the evidence did not support an attempted felonious assault conviction. We disagree.
 {¶ 11} Crim. R. 33(A)(4) provides:
 "(A) Grounds
 "A new trial may be granted on motion of the defendant for any of the following causes affecting materially his substantial rights:
 "(4) That the verdict is not sustained by sufficient evidence or is contrary to law. If the evidence shows the defendant is not guilty of the degree of the crime for which he was convicted, but guilty of a lesser degree thereof, or of a lesser crime included therein, the court may modify the verdict or finding accordingly, without granting or ordering a *Page 6 
new trial, and shall pass sentence on such verdict or finding as modified."
 {¶ 12} R.C. 2903.11(A)(1) provides that "no person shall knowingly cause serious physical harm to another * * *." R.C. 2923.02(A) (the attempt statute) provides that no person, purposely or knowingly, * * * shall engage in conduct that, if successful, would constitute or result in the offense.
 {¶ 13} Bowyer contends the evidence shows he abandoned his intent to harm his mother; therefore, he cannot be found guilty of attempted felonious assault. R.C. 2923.02 defines abandonment as follows:
 "(D) It is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose."
 {¶ 14} We conclude the evidence does not indicate Bowyer voluntarily renunciated his criminal purpose to seriously harm his mother. Although he helped his mother to her feet, he told her, "see what you made me do." The mother screamed and told him she was calling the police. She then left the house to the safety of her van, where she called the police. Therefore, the mother, not Bowyer, left the scene. Bowyer only left the scene once his mother called the police. Moreover, the mother clearly did not feel safe from harm. She sought refuge in her van. His violence was a continuous course of action broken by the mother's exit from the home. *Page 7 
 {¶ 15} Finally, when an offender forms an intent to perform an act and then takes a substantial step toward the act, the offender may not argue that he has abandoned the act as an affirmative defense.[1] In the instant case, Bowyer threatened to kill his mother, then proceeded to choke her with such force he left bruises on her neck. He also shoved her with such violence against the door she was bruised and in pain for at least a month afterwards. Bowyer launched this attack, in spite of the fact he was aware of his mother's medical problems. The trial court, as the finder of fact, could have concluded that if the mother had not told him she was going to call the police and safely exited the home to do so, Bowyer would have continued the beating, and given the age differences and the mother's medical problems, rendered serious physical harm. Accordingly, Bowyer's first assigned error is overruled.
 Manifest Weight of the Evidence {¶ 16} In his second assigned error, Bowyer argues his conviction for attempted felonious assault is against the manifest weight of the evidence because the evidence indicates he abandoned his effort to commit the offense of felonious assault. *Page 8 
 {¶ 17} Our disposition of Bowyer's first assigned error renders this assigned error moot.[2] In the first assigned error, we concluded the evidence supported Bowyer's conviction for attempted felonious assault. Accordingly, Bowyer's second assigned error is overruled.
 Allied Offenses of Similar Import {¶ 18} In his third assigned error, Bowyer contends his convictions for attempted felonious assault and domestic violence are allied offenses of similar import, and, therefore, should have been merged. We disagree.
 {¶ 19} R.C. 2941.25 provides:
 "(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
 "(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them."
 {¶ 20} The Ohio Supreme Court explained the analysis for determining whether multiple crimes constitute allied offenses of similar import as follows:
 "In the first step, the elements of the two crimes are compared. If the elements of the offenses correspond to such a degree that the commission of one crime will result in the commission of the other, the crimes are allied offenses of similar import and the court must then proceed to the second step. In the second step, the defendant's *Page 9 
conduct is reviewed to determine whether the defendant can be convicted of both offenses. If the court finds either that the crimes were committed separately or that there was a separate animus for each crime, the defendant may be convicted of both offenses."[3]
 {¶ 21} The Ohio Supreme Court in State v. Rance[4] clarified this analysis by explaining that the elements of alleged allied offenses are to be compared in the abstract. The Rance decision overruled Newark v.Vazirani[5] and its progeny, which required the comparison of the elements of each crime by referring to the particular facts in the indictment.
 {¶ 22} Under Rance, a court in determining if two crimes are crimes of similar import, must align the elements of each crime in the abstract to determine whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other.[6] If the elements do so correspond, the defendant may not be convicted of both unless the court finds that the defendant committed the crimes separately or with separate animus.[7]
 {¶ 23} R.C. 2919.25, the statute prohibiting domestic violence, states, "No person shall knowingly cause or attempt to cause physical harm to a family or *Page 10 
household member." In comparison, attempt to commit felonious assault involves the taking of substantial steps towards, "knowingly caus[ing] serious physical harm to another * * *."
 {¶ 24} When these two statutes are examined in the abstract, the statutes are not allied offenses of similar import. The crime of domestic violence could certainly be accomplished without attempting "serious physical harm." Likewise, the crime of attempted felonious assault does not require the harm be done to a family member. Therefore, each statutory violation could be committed without automatically violating the other statute.[8] Thus, we find that the offenses are not allied offenses of similar import.[9] Accordingly, Bowyer's third assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate be sent to said court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence. *Page 11 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and SEAN C. GALLAGHER, J., CONCUR
[1] State v. Cooper (1977), 52 Ohio St.2d 163, 178, vacated on other grounds; State v. Johnson (Apr. 2, 1992), Cuyahoga App. No. 60402.
[2] App.R. 12(A)(1)(c).
[3] State v. Nicholas (1993), 66 Ohio St.3d 431, 434, quotingState v. Blankenship (1988), 38 Ohio St.3d 116, 117.
[4] 85 Ohio St.3d 632, 633, 1999-Ohio-291.
[5] (1990), 48 Ohio St.3d 81.
[6] Id. at 638.
[7] Id. at 638-639.
[8] State v. Sandridge, Cuyahoga App. No. 87321, 2006-Ohio-5243
(crimes of felonious assault and domestic violence are not crimes of similar import.)
[9] Although Bowyer cites to the 6th District case ofState v. Tatro (Apr. 12, 1985), 6th Dist. No. L-84-308 for the proposition felonious assault and domestic violence are crimes of similar import, this decision predated the Supreme Court's decision in Ranee, which requires a comparison of the statutory elements in the abstract. *Page 1