[Cite as *State v. Atkins*, 2013-Ohio-2583.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. 12-CA-91 |
| | : | |
| HOLLY ATKINS | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Licking County
                             Municipal Court, Case No. 12CRB00543


JUDGMENT:                    AFFIRMED IN PART; REVERSED
                             AND REMANDED IN PART


DATE OF JUDGMENT ENTRY:      June 14, 2013


APPEARANCES:

For Plaintiff-Appellee:                For Defendant-Appellant:

AMY S. WEEKS                           WILLIAM T. CRAMER
40 West Main Street                    470 Olde Worthington Road, Suite 200
Newark, OH 43055                       Westerville, OH 43082

*Delaney, J.*

{¶1}   Appellant Holly Atkins appeals from the November 21, 2012 judgment entry of the Licking County Municipal Court convicting her upon one count of criminal damaging.  Appellee is the state of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2}   This case arose in the early morning hours of March 18, 2012 on Riley Street in the city of Newark, Ohio when Devin Lehman and his wife Angela McCullough awakened around 1:30 a.m. to the sound of someone pounding on their front door. Lehman discovered it was appellant, McCullough's stepsister.  Appellant was yelling and demanding to speak to McCullough.

{¶3}   McCullough came into the front porch area or "Florida room" as appellant attempted to push open the louvered jalousie windows and force her way into the house.   Lehman and McCullough claimed appellant attacked McCullough, so they pushed her out the door.  Appellant again pushed against the glass windows and broke out four of the louvers.

{¶4}   Appellant then ran to her car and drove off.  Lehman and McCullough called police, who took a report and photographed the damage to the windows.

{¶5}  Appellant was charged with one count of assault pursuant to R.C. 2903.13, a misdemeanor of the first degree, and one count of criminal damaging pursuant to R.C. 2909.06, a misdemeanor of the second degree.  Appellant entered pleas of not guilty and the case proceeded to jury trial.  Appellant was acquitted of assault and found guilty of criminal damaging.  The trial court sentenced appellant to a

suspended jail term of 30 days, a fine of $175 plus court costs, placed her on probation for a period of one year, and ordered her to pay restitution.

{¶6}  Appellant now appeals from the judgment entry of her conviction and sentence.

## ASSIGNMENTS OF ERROR

{¶7}  Appellant raises two assignments of error:

{¶8}  "I.   APPELLANT WAS DEPRIVED OF HER RIGHTS TO THE EFFECTIVE ASSISTANCE OF COUNSEL UNDER THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, BECAUSE DEFENSE COUNSEL INTRODUCED IRRELEVANT AND HIGHLY PREJUDICIAL EVIDENCE REGARDING HER LIFESTYLE."

{¶9}  "II.   THE TRIAL COURT VIOLATED R.C. 2929.28 BY ORDERING RESTITUTION IN AN UNSPECIFIED AMOUNT."

## ANALYSIS

### I.

{¶10} In her first assignment of error, appellant argues she received ineffective assistance of counsel because defense trial counsel "introduced" prejudicial evidence of her lifestyle.  We disagree.

{¶11} To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that trial counsel acted incompetently. *See*, *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052 (1984). In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls

within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, citing *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158 (1955).

{¶12} "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.

{¶13} Even if a defendant shows that counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

{¶14} Appellant complains of two instances of alleged ineffective assistance by defense trial counsel.  Upon direct examination, McCullough testified her sons were afraid appellant might return or have "one of her crazy boyfriends come back" which had happened in the past.  Defense trial counsel objected, but appellant now asserts this was ineffective because counsel should have sought a ruling on the objection or asked for an instruction to disregard the testimony.  We find this to be a matter of trial strategy, however, and not error by trial counsel.

{¶15} The second instance highlighted by appellant is more problematic.  Upon cross examination, defense trial counsel asked McCullough to specify what she didn't like about her stepsister's lifestyle, which gave McCullough the opportunity to state "* *

*[s]he runs around with really bad people and she is on drugs and she is a stripper * * *." Rather than move away from this area, defense counsel further inquired whether appellant had ever done these things in front of McCullough, and she replied that she has seen appellant do drugs and has seen her strip. Defense trial counsel then elicited testimony from McCullough that she would like to see appellant get help.

{¶16} We find the cross examination of McCullough to be questionable because not only did defense trial counsel elicit the damaging testimony, but he then invited the witness to expound upon the appellant's behaviors even further. Pursuant to *Strickland*, supra, even if defense trial counsel was ineffective, appellant has not shown that the testimony prejudiced the outcome of the trial. The jury was clearly able to distinguish the relevant evidence and acquitted her of the more serious assault charge, but appellee had stronger evidence of the criminal damaging charge.

{¶17} In short, appellant has not established that the result of the trial would have been different but for the problematic cross examination of McCullough.

{¶18} Appellant's first assignment of error is overruled.

II.

{¶19} In appellant's second assignment of error, she argues the trial court erred in ordering her to pay restitution in an unspecified amount. Because we find the trial court did not order restitution in a specified amount, we agree.

{¶20} R.C. 2929.28(A)(1) states the following in relevant part with regard to restitution in misdemeanor cases:

> In addition to imposing court costs pursuant to section 2947.23 of
>
> the Revised Code, the court imposing a sentence upon an

offender for a misdemeanor * * * may sentence the offender to any financial sanction or combination of financial sanctions authorized under this section. If the court in its discretion imposes one or more financial sanctions, the financial sanctions that may be imposed pursuant to this section include, but are not limited to, the following:

* * * [R]estitution by the offender to the victim of the offender's crime or any survivor of the victim, in an amount based on the victim's economic loss. * * * *. If the court requires restitution, the court shall order that the restitution be made to the victim in open court or to the adult probation department that serves the jurisdiction or the clerk of the court on behalf of the victim.

If the court imposes restitution, the court shall determine the amount of restitution to be paid by the offender. If the court imposes restitution, the court may base the amount of restitution it orders on an amount recommended by the victim, the offender, a presentence investigation report, estimates or receipts indicating the cost of repairing or replacing property, and other information, provided that the amount the court orders as restitution shall not exceed the amount of the economic loss suffered by the victim as a direct and proximate result of the commission of the offense. If the court decides to impose restitution, the court shall hold an evidentiary hearing on restitution if the offender, victim, or survivor

disputes the amount of restitution. If the court holds an evidentiary hearing, at the hearing the victim or survivor has the burden to prove by a preponderance of the evidence the amount of restitution sought from the offender.

\* \* \* \*.

{¶21} Appellant asserts the trial court erred in "ordering restitution in an unspecified amount," and we note the trial court entry orders restitution but fails to set forth a specific amount. Although the record establishes the victims testified at sentencing that the broken window cost six dollars to replace, this amount is missing from the trial court's sentencing entry.

{¶22} This Court has consistently held that an order of restitution must specify the amount. *State v. Castaneda*, 168 Ohio App.3d 686, 2006-Ohio-5078 (5th Dist.); *State v. Church*, 161 Ohio App.3d 589, 2005-Ohio-2984 (5th Dist.).

{¶23} Appellant's second assignment of error is sustained.

**CONCLUSION**

{¶24} The judgment of the Licking County Municipal Court is affirmed in part and reversed and remanded in part for proceedings consistent with this Opinion.

By:  Delaney, J. and

Wise, P.J.

Baldwin, J.

_____

HON. PATRICIA A. DELANEY

_____

HON. JOHN W. WISE

_____

HON. CRAIG R. BALDWIN

PAD:kgb