[Cite as *State v. Church*, 2015-Ohio-4331.]

COURT OF APPEALS
MORGAN COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 15AP0005 |
| | : | |
| JACKIE CHURCH | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING: Appeal from the Morgan County Court of Common Pleas, Case No. 02-CR-0065

JUDGMENT: AFFIRMED

DATE OF JUDGMENT ENTRY: October 16, 2015

APPEARANCES:

For Plaintiff-Appellee:

MARK J. HOWDYSHELL
Morgan County Prosecutor
19 East Main St.
McConnelsville, OH 43756

For Defendant-Appellant:

JACKIE CHURCH, PRO SE
#456-724
Allen Correctional Institution
P.O. Box 4501
Lima, OH 45802-4501

*Delaney, J.*

{¶1} Defendant-Appellant Jackie Church appeals the April 17, 2015 judgment entry of the Morgan County Court of Common Pleas.

**FACTS AND PROCEDURAL HISTORY**

{¶2} On October 4, 2002, the Morgan County Grand Jury indicted Church on one count of attempted aggravated murder, in violation of R.C. 2903.01; and one count of felonious assault, in violation of R.C. 2903.11, both with firearm specifications; and one count of menacing by stalking, in violation of R.C. 2903.211.

{¶3} Church pleaded guilty to attempted murder and felonious assault and attendant firearm specifications. By sentencing entry filed September 23, 2003, the trial court sentenced Church to an aggregate term of 19 years in prison. Upon remand by this Court for transcript irregularities, the trial court resentenced Church on November 4, 2004, to the same 19–year term.

{¶4} This Court affirmed in part and reversed in part the trial court's November 4, 2004 re-sentencing entry, and remanded the matter for further specification as to the amount of restitution. *State v. Church,* 161 Ohio App.3d 589, 2005-Ohio-2984, 831 N.E.2d 490, ¶ 20 (5th Dist.).

{¶5} On November 2, 2007, Church filed a pro se motion titled, "Motion for Re-sentencing on Void Judgment and/or Appearance of Lack of Final Appealable Order." The State filed a timely response in opposition. The trial court summarily denied Church's motion for re-sentencing without an oral hearing on December 12, 2007. This Court affirmed the trial court's decision. *State v. Church,* 5th Dist. Morgan No. 2008–CA–7, 2009–Ohio–2207.

{¶6}  On November 25, 2008, Church moved the trial court to permit him to withdraw his guilty plea pursuant to Crim. R. 32.1. The trial court overruled the motion without oral hearing. This Court affirmed the decision of the trial court. *State v. Church,* 5th Dist. Morgan No. 2008–CA–0001, 2008–Ohio–1917.

{¶7}  On July 30, 2010, Church filed a Motion to Correct, Modify, or Vacate Sentence. Church argued his conviction for felonious assault should be vacated because at the time of the offenses he was taking the prescription medication, Paxil. The trial court denied Church's motion on January 4, 2012. Church appealed the decision and we affirmed in *State v. Church*, 5th Dist. Morgan No. 12-CA-2, 2012-Ohio-3481.

{¶8}  Church filed a Motion for Resentencing/Sentence Corrections and/or in the Alternative Motion to Vacate Conviction/New Trial on March 11, 2015. Based on Church's arguments within the motion, the trial court considered Church's motion to be a petition for post-conviction relief. The trial court denied the petition finding that Church had previously raised his arguments on appeal and the issues were barred by res judicata.

{¶9}  It is from this decision Church now appeals.

### ASSIGNMENTS OF ERROR

{¶10} Church raises two Assignments of Error:

{¶11} "I. The trial court abused its discretion and committed a manifest injustice and a Reversible Error by its violation of Appellant's Constitutional Right of Equal Protection of the law, which is secured by the Due Process Clause of the Fifth and Fourteenth Amendment to the United States Constitution by allowing the prosecution to

file an untimely reply to Appellant's Motion for Resentencing, Sentence Correction and/or in the alternative a Motion to Vacate Conviction/New Trial.

{¶12} "II. The trial court abused it's [sic] discretion and committed reversable [sic] error by the court a violation of Appellant's Constitutional Rights of Due Process set forth in the Fifth, Sixth, and Fourteenth Amendment of the United States Constitution."

## ANALYSIS

### Res Judicata Bars Church's Argument

{¶13} We will first analyze Church's Second Assignment of Error because it is dispositive of this appeal. Church argues his constitutional rights were violated when the trial court ordered Church to serve consecutive sentences for attempted murder and felonious assault.

{¶14} Church's argument is barred by the doctrine of res judicata. Under the doctrine of res judicata, "a valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the previous action." *State v. Jennison*, 5th Dist. Coshocton No. 2015-CA-0003, 2015-Ohio-3204, ¶ 9 quoting *State v. Patrick,* 8th Dist. Cuyahoga No. 99418, 2013–Ohio–5020, ¶ 7, citing *Grava v. Parkman Twp.,* 73 Ohio St.3d 379, 382, 653 N.E.2d 226 (1995). When a petitioner seeks post-conviction relief on an issue that was raised or could have been raised on direct appeal, the petition is properly denied by the application of the doctrine of res judicata. *Id.* citing *State v. Tucker,* 8th Dist. Cuyahoga No. 84595, 2005–Ohio–109, ¶ 11, citing *State v. Edwards,* 8th Dist. Cuyahoga No. 73915, 1999 Ohio App. LEXIS 894, 1999 WL 135274 (Mar. 11, 1999).

{¶15} Church argued in the direct appeal of his sentence that the trial court erred in ordering consecutive sentences for attempted murder and felonious assault. We affirmed Church's sentence and found the offenses of attempted murder and felonious assault were not allied offenses of similar import. *State v. Church*, 161 Ohio App.3d 589, 2005-Ohio-2984, 831 N.E.2d 490, ¶ 20 (5th Dist.).

{¶16} The trial court did not abuse its discretion in denying the petition for post-conviction relief when it found the arguments raised by Church as to alleged sentencing errors were previously raised and addressed on appeal.

{¶17} Church's second Assignment of Error is overruled.

**The State's Untimely Memorandum Contra to Church's Petition**

{¶18} Church argues in his first Assignment of Error that the trial court erred in allowing the State to file an untimely memorandum contra to his petition for post-conviction relief.

{¶19} The State is not mandated to respond to a petition for post-conviction relief. *State v. Jones*, 7th Dist. Mahoning No. 13 MA 53, 2014-Ohio-2592, ¶ 13. R.C. 2953.21(D) states, "[w]ithin ten days after the docketing of the petition, or within any further time that the court may fix for good cause shown, the prosecuting attorney shall respond by answer or motion. Within twenty days from the date the issues are raised, either party may move for summary judgment. The right to summary judgment shall appear on the face of the record."

{¶20} Church filed his petition for post-conviction relief on March 11, 2015. The State filed its memorandum contra on April 14, 2015. While the State's response was

filed outside of the time-frame established by R.C. 2953.21(D), we find the error to be harmless based on our disposition of the second Assignment of Error.

{¶21} Church's first Assignment of Error is overruled.

## CONCLUSION

{¶22} The judgment of the Morgan County Court of Common Pleas is affirmed.

By: Delaney, J.,

Farmer, P.J. and

Wise, J., concur.