OPINION
{¶ 1} Defendant-appellant, Paul Stanley Hall, appeals from the judgment of the Franklin County Court of Common Pleas denying his "Motion to Correct Improper Sentence Imposed." Defendant assigns a single error:
 ASSIGNMENT OF ERROR NUMBER ONE The trial court erred when it denied the Appellant's motion tocorrect improper sentence.
Because defendant's motion is untimely as a petition for post-conviction relief and does not address a manifest injustice as a Crim.R. 32.1 motion to withdraw a guilty plea, we affirm.
 {¶ 2} By indictment filed April 12, 2001, defendant was charged with one count of attempted murder in violation of R.C.2923.02 as it relates to R.C. 2903.02, one count of felonious assault in violation of R.C. 2903.11, two counts of aggravated arson in violation of R.C. 2909.02, and one count of kidnapping in violation of R.C. 2905.01. On August 9, 2001, defendant pleaded guilty to attempted murder, felonious assault and one count of aggravated arson; the remaining counts were nolled. Defendant, represented by counsel, and the state jointly recommended a nine-year sentence for attempted murder, a nine-year sentence for aggravated arson, and a seven-year sentence for felonious assault with each sentence to be served consecutively for a total of 25 years. The court imposed the recommended sentence.
 {¶ 3} On June 28, 2002, defendant filed a motion for leave to file a delayed appeal pursuant to App.R. 5(A). This court denied defendant's motion because it did not set forth any credible reason for the almost one-year delay following defendant's conviction. The Ohio Supreme Court dismissed defendant's jurisdictional motion for leave to appeal. This court subsequently denied defendant's application to reopen his motion for leave to file a delayed appeal.
 {¶ 4} On May 2, 2005, defendant filed in the trial court a pro se "Motion to Correct Improper Sentence Imposed." Defendant asserted that he was unconstitutionally punished multiple times for one allied offense. The state challenged defendant's motion as being an untimely post-conviction petition. The trial court summarily denied defendant's motion, and defendant appeals, contending the trial court erred in denying his motion.
 {¶ 5} Defendant's motion is entitled "Motion to Correct Improper Sentence Imposed." Because no statutory or procedural rule authorizes such a motion, we must determine the nature of the motion and review it accordingly. State v. Bush,96 Ohio St.3d 235, 2002-Ohio-3993, at ¶ 10 (noting that a court must categorize such irregular "no-name" motions in order for the court to properly determine the criteria by which the motion should be judged).
 {¶ 6} Generally, a criminal defendant has two means to challenge a judgment of conviction or sentence after an appeal: a petition for post-conviction relief pursuant to R.C. 2953.21 et seq. or a Crim.R. 32.1 post-sentence motion to withdraw a guilty plea. Post-sentence motions to withdraw a guilty plea and post-conviction relief petitions are alternative remedies and exist independently. Bush, at ¶ 14.
 {¶ 7} R.C. 2953.21(A)(1) defines the criteria under which post-conviction relief may be sought and states, in pertinent part, that "[a]ny person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief."
 {¶ 8} Thus, where a criminal defendant, subsequent to his direct appeal, files a motion seeking to vacate or correct his sentence on the basis that his constitutional rights have been violated, such a motion is deemed a petition for post-conviction relief. State v. Reynolds (1997), 79 Ohio St.3d 158, 160. R.C.2953.21(A)(2) states that if no direct appeal is taken, a petition for post-conviction relief "shall be filed no later than one hundred eighty days after the expiration of the time for filing an appeal."
 {¶ 9} A criminal defendant can file a Crim.R. 32.1 motion to withdraw a guilty plea after the imposition of a sentence in order to correct "manifest injustice." See State v. Smith
(1977), 49 Ohio St.2d 261, paragraph one of the syllabus. Accordingly, where a criminal defendant, subsequent to the imposition of sentence, files a motion to withdraw a guilty plea on the basis of a manifest injustice, including a constitutional violation, such a motion is a Crim.R. 32.1 motion. See Bush, at ¶ 12-14.
 {¶ 10} Here, after defendant was sentenced and the time to file a direct appeal expired, defendant filed a "Motion to Correct Improper Sentence Imposed" with the trial court, seeking either to vacate the sentence imposed for the felonious assault conviction or to allow him to withdraw his guilty plea and proceed to trial. Defendant's motion declares that his sentence unconstitutionally violated the double jeopardy clauses of the Ohio and United States Constitutions because it twice punished him for one allied offense. Defendant also contends he was unconstitutionally denied the right to effective assistance of counsel. Despite its caption, the substance of defendant's motion meets the definitions of both a petition for post-conviction relief and a Crim.R. 32.1 motion to withdraw a guilty plea.
 {¶ 11} More specifically, defendant's motion meets the definition of a petition for post-conviction relief set forth in R.C. 2953.21(A)(1) because it (1) was filed subsequent to the expiration of the time defendant could file a direct appeal, (2) claimed a denial of constitutional rights under double jeopardy clauses of the Ohio and United States Constitutions, and (3) asked to vacate the sentence. See Reynolds, at 160. Accordingly, we review defendant's "Motion to Correct Improper Sentence Imposed" as, in part, a petition for post-conviction relief.
 {¶ 12} Construed as a petition for post-conviction relief, defendant's motion is untimely. The trial court entered judgment in defendant's case on August 10, 2001. Defendant did not file a timely appeal by September 10, 2001. Pursuant to R.C.2953.21(A)(2), defendant had until March 2002, to file a timely post-conviction petition, but he did not file his petition until May 2005. Because defendant does not meet either exception for filing an untimely petition under R.C. 2953.23(A), the trial court lacked jurisdiction to consider defendant's motion as a petition for post-conviction relief.
 {¶ 13} Defendant's motion may also be classified as a Crim.R. 32.1 motion to withdraw a guilty plea because it is a motion that (1) was filed subsequent to the imposition of his sentence, (2) claimed that his plea is a miscarriage of justice, and (3) asked to withdraw his plea and proceed to trial. We thus review the trial court's judgment in the context of Crim.R. 32.1.
 {¶ 14} Crim.R. 32.1 provides that "to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea." What constitutes "manifest injustice" has been variously defined, but such a standard allows a post-sentence motion to withdraw only in extraordinary cases. Id. Although Crim.R. 32.1 does not prescribe a time limitation, an "undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1 is a factor adversely affecting the credibility of the movant and militating against the granting of the motion." Smith, at paragraph three of the syllabus. Further, whether a movant has demonstrated a manifest injustice is addressed to the sound discretion of the trial court, and the court's denial of a motion to withdraw a guilty plea will not be reversed absent an abuse of discretion.State v. Glass, Franklin App. No. 04AP-967, 2006-Ohio-229, at ¶ 18.
 {¶ 15} Defendant suggests that withdrawing his guilty plea will correct a manifest injustice because his counsel was ineffective in failing to realize defendant's attempted murder and felonious assault convictions violate Ohio's multi-count statute and the double jeopardy clauses of the Ohio and United States Constitutions.
 {¶ 16} The federal and state constitutions' double jeopardy protection guards citizens against cumulative punishments for the "same offense." State v. Moss (1982), 69 Ohio St.2d 515, 518. Despite such constitutional protection, a state legislature may impose cumulative punishments for crimes that constitute the "same offense" without violating double jeopardy protections.State v. Rance (1999), 85 Ohio St.3d 632, 635, citing Albernazv. United States (1981), 450 U.S. 333, 344. Under the "cumulative punishment" prong, double jeopardy protections do "no more than prevent the sentencing court from prescribing greater punishment than the legislature intended." Missouri v. Hunter
(1983), 459 U.S. 359, 366. When a legislature signals its intent to either prohibit or permit cumulative punishments for conduct that may qualify as two crimes, the legislature's expressed intent is dispositive. Rance, at 635. Therefore, when determining the constitutionality of imposing multiple punishments against a criminal defendant in one criminal proceeding for criminal activity emanating from one transaction, appellate courts are limited to assuring that the trial court did not exceed the sentencing authority the legislature granted to the judiciary. Moss, at 518, citing Brown v. Ohio (1977),432 U.S. 161. The trial court's authority to impose multiple punishments for conduct constituting both attempted murder and felonious assault is contained in Ohio's multi-count statute, R.C. 2941.25.
 {¶ 17} R.C. 2941.25 authorizes a trial court, in a single criminal proceeding, to convict and sentence a defendant for two or more offenses arising from the same criminal conduct or transaction, provided the offenses are not allied offenses of similar import. In determining whether the elements of the crimes are of similar import, "[c]ourts should assess, by aligning the elements in the abstract, whether the statutory elements of the crimes correspond to such a degree that the commission of one crime will result in the commission of the other." Rance, at 638. If the elements do not so correspond, the offenses are of dissimilar import and the court's inquiry ends: the multiple convictions are permitted. Id. at 636.
 {¶ 18} Here, attempted murder and felonious assault "do not merge for the purposes of sentencing under R.C. 2941.25 because a comparison of their respective elements reveals that they are not offenses of similar import." State v. Waddell (Aug. 15, 2000), Franklin App. No. 99AP-1130. "Each offense requires proof of at least one element that the other does not." Id. Defendant's sentence thus does not violate R.C. 2941.25 or the double jeopardy clauses of the Ohio and United States Constitutions and, in turn, defendant's counsel was not ineffective for failing to so challenge defendant's sentence. Defendant's Crim.R. 32.1 motion to withdraw his guilty plea does not address a manifest injustice. Accordingly, the trial court did not abuse its discretion when it denied defendant's motion. Defendant's sole assignment of error is overruled.
 {¶ 19} Having overruled defendant's sole assignment of error, we affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
French and McGrath, JJ., concur.