OPINION
{¶ 1} Peter A. Thompkins, defendant-appellant, appeals from a judgment of the Franklin County Court of Common Pleas, in which the court found him guilty, pursuant to a jury verdict, of attempted murder, in violation of R.C. 2923.02, as it relates to R.C. 2903.02, which is a felony of the first degree; and two counts of felonious assault, in violation of R.C. 2903.11, which are felonies of the second degree.
 {¶ 2} On September 29, 2004, police went to a home after receiving a call related to a domestic dispute. As the police arrived, appellant flagged down one of the officers, stated that a woman had just been beaten, and pointed in the direction in which the attacker had fled. After finding no one, the officer returned to the scene and told appellant to stop, but appellant stated he did not do anything and then ran. A lengthy chase ensued, after which appellant was apprehended. The police also found Tatum Hetrick at the scene bleeding in a yard.
 {¶ 3} Hetrick and appellant had been dating for several years and were living together with their child and Hetrick's child from another relationship, although the couple was in the process of breaking up and appellant was moving out of the home at the time of the incident. Hetrick claimed that, when she arrived at the home with the children, appellant took the children into the home and then came back and sat in her car. He handed her a note that asked her if she really thought he would let her get away with "this." Appellant then brandished a knife and took her into the house. Hetrick and the children went to one child's bedroom, where appellant jumped on her and choked her. The struggle continued into the living room, with Hetrick bleeding. She eventually fled the residence with her daughter. Appellant grabbed Hetrick's daughter and threatened to kill her, at which point Hetrick ran to the front porch of a neighbor, John Maddox. Appellant chased Hetrick, caught her, threw her to the ground in Maddox's yard, and began stabbing her. The knife eventually broke off in her neck. Appellant continued the attack but stopped before authorities arrived.
 {¶ 4} Appellant was indicted on one count of abduction, one count of attempted murder, and two counts of felonious assault. On December 19, 2005, a jury trial commenced. After six witnesses testified for plaintiff-appellee, the State of Ohio, appellant called one witness, Maddox. The jury found appellant not guilty on the abduction charge, but found appellant guilty of attempted murder and both counts of felonious assault. On March 2, 2006, the court sentenced appellant to a term of imprisonment of ten years on the attempted murder conviction and a consecutive eight years on the two felonious assault convictions, finding that the two felonious assault counts merged. The court found the felonious assault and attempted murder did not merge. Appellant appeals the judgment of the trial court, asserting the following three assignments of error:
I. THE APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL THEREBY DEPRIVING HIM OF HIS RIGHT TO A FAIR TRIAL UNDER THE STATE AND FEDERAL CONSTITUTIONS.
II. THE TRIAL COURT ERRED IN SENTENCING WHEN IT FAILED TO MERGE COUNT TWO; ATTEMPTED MURDER, WITH COUNT FOUR; FELONIOUS ASSAULT, THEREBY GIVING CONSECUTIVE SENTENCES WITH REGARD TO THE TWO COUNTS, CONTRA [R.C. 2941.25(A)].
III. THE TRIAL COURT ERRED IN VIOLATION OF APPELLANT'S RIGHTS AGAINST DOUBLE JEOPARDY WHEN IT SENTENCED HIM TO CO[N]SECUTIVE PRISON TERMS FOR FELONIOUS ASSAULT AND ATTEMPTED MURDER CONTRA THE OHIO AND FEDERAL CONSTITUTIONS.
 {¶ 5} Appellant argues in his first assignment of error that he was denied effective assistance of counsel. TheSixth Amendment to the United States Constitution guarantees a criminal defendant the effective assistance of counsel. McMann v.Richardson (1970), 397 U.S. 759, 771, 90 S.Ct. 1441. Courts employ a two-step process to determine whether the right to effective assistance of counsel has been violated. Strickland v.Washington (1984), 466 U.S. 668, 687, 104 S.Ct. 2052. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Id.
 {¶ 6} An attorney properly licensed in Ohio is presumed competent. State v. Lott (1990), 51 Ohio St.3d 160, 174. The defendant has the burden of proof and must overcome the strong presumption that counsel's performance was adequate or that counsel's action might be sound trial strategy. State v. Smith
(1985), 17 Ohio St.3d 98, 100. In demonstrating prejudice, the defendant must prove that "there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different." State v. Bradley (1989),42 Ohio St.3d 136, paragraph three of the syllabus.
 {¶ 7} Here, appellant argues that his trial counsel rendered ineffective assistance by calling Maddox, Hetrick's neighbor, as his sole witness. Appellant contends that Maddox was an eyewitness to the incident and that his testimony only brought forth damaging evidence. Appellant asserts that, until Maddox was called as a witness, his defense had a chance of success because it was a domestic dispute in which the credibility of the victim was questionable. Appellant indicates that his counsel was apparently seeking to obtain testimony from Maddox that Maddox never saw appellant with a knife, but that point was irrelevant and would not have helped his defense. In support, appellant also points out that the trial judge even commented: "[Q]uite frankly [with regard to Maddox], if your client's situation wasn't dire before that guy got on the witness stand, it would appear to be dire now."
 {¶ 8} After reviewing the trial testimony and the actions of appellant's trial counsel, we find appellant has failed to satisfy the first prong in Strickland by failing to demonstrate that his counsel's performance was so deficient that he was not functioning as "counsel," as guaranteed by the Sixth Amendment. Although it is sometimes difficult to ascertain a trial counsel's strategy, from the record in the present case, we may glean some understanding into why appellant's counsel may have called Maddox as a witness. After first asking Maddox whether he witnessed the incident, counsel asked only one other question: "What, if any, weapon did you actually see that was allegedly being used that morning, actually see, sir?" Maddox replied: "Well, I didn't see a weapon." Trial counsel then used Maddox's testimony in his closing argument to point out that the only eyewitness to the incident presented by the state was the victim herself, and the other state witnesses testified that it was not clear that Hetrick's wounds were stab wounds, while appellant was able to produce an eyewitness, Maddox, who testified he was only six feet away and did not see appellant with a knife in his hand. Because, under R.C. 2903.11(A)(2), felonious assault must include the harming of another by use of a deadly weapon, the trial strategy of appellant's trial counsel could have been that Maddox's testimony might raise some reasonable doubt in the minds of the jurors whether appellant used a deadly weapon, as mere fists have been found not to constitute a deadly weapon for purposes of R.C.2903.11(A)(2). See State v. Kaeff, Montgomery App. No. 20519,2004-Ohio-5288 (the use of only one's hands does not constitute use of a "deadly weapon" for purposes of offense of felonious assault pursuant to R.C. 2903.11[A][2] and 2923.11[A]). Similarly, because, under R.C. 2923.02 and 2903.02, attempted murder must include an attempt to purposely cause the death of another, if the jury had been convinced by Maddox's testimony that appellant did not use a knife in the assault, it could have conceivably found that appellant's assault with only his fists did not demonstrate the requisite intent and purpose to cause the victim's death.
 {¶ 9} Generally, a trial counsel's decision whether to call a witness falls within the rubric of trial strategy and will not be second-guessed by a reviewing court. State v. Treesh (2001),90 Ohio St.3d 460, 490. Trial tactics and strategies, even "debatable trial tactics," do not constitute a denial of effective assistance of counsel. State v. Leonard,104 Ohio St.3d 54, 2004-Ohio-6235, at ¶ 146. In the present case, although the decision whether to call Maddox for such a limited purpose while risking damage resulting from the entirety of his testimony could be classified as a debatable trial tactic with a debatable chance of success, without putting forth any other testimony, appellant had nothing to rebut the victim's clear testimony. Under these circumstances, we cannot find his trial counsel's strategy unreasonable.
 {¶ 10} We would also note that, with regard to the trial judge's comment as cited by appellant, the entire statement and surrounding circumstances puts the comment into clearer context:
THE COURT: Mr. Brock, it's apparent to the Court from watching what is going on in the courtroom that your client is dictating a whole bunch of things, and quite frankly that last witness, if your client's situation wasn't dire before that guy got on the witness stand, it would appear to be dire now. I don't know why in the world your client wants these witnesses called. This just is not in his best interests.
* * *
THE COURT: I'm growing very concerned of what this is all going to look like to an appellate court. You have a client that is demanding things that are not in his best interests. * * *
Thus, it is apparent that the trial judge was of the opinion that it was appellant who desired Maddox be called as a witness. Although the trial court's observations are not determinative of the reasonableness of trial counsel's actions, they do put a finer gloss on why appellant's counsel may have called Maddox as a witness. See, e.g., State v. Allen, Franklin App. No. 02AP-862, 2003-Ohio-1114, at ¶ 9 (finding that there was not ineffective assistance of counsel, in part, because it was the defendant's choice to forego discovery, and trial counsel honored his client's wishes; thus, appellant had only himself to blame for the decision to forego discovery). For these reasons, we find appellant has failed to demonstrate his trial counsel's performance was deficient.
 {¶ 11} However, even if we were to conclude the performance of appellant's trial counsel was deficient, we find appellant cannot demonstrate he was prejudiced by such performance, as the evidence presented from the state's witnesses was definite and persuasive. Hetrick testified appellant jumped on her and choked her in her house. After she fled outdoors, appellant chased her, caught her, and threw her to the ground. Hetrick testified with certainty that it was appellant who then began stabbing her with a kitchen knife. The jury apparently found Hetrick's testimony credible, and appellant has presented no evidence to dispute such determination. The jury was in the best position to judge the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230. In addition, City of Columbus Police Officer Ronald Lemmon testified that appellant flagged him down near the scene and stated that someone had just beaten up a woman. When Officer Lemmon found no suspect down the street, he returned to talk to appellant, who then fled the scene on foot, resulting in a lengthy chase, the macing of appellant, and appellant's eventual capture. Evidence of fleeing is indicative of a defendant's consciousness of guilt, and, thus, of appellant's guilt here on the offenses with which he was convicted. See State v. Williams
(1997), 79 Ohio St.3d 1, 11, citing State v. Eaton (1969),19 Ohio St.2d 145, 160. Further, with regard to appellant's use of a knife, paramedics with the City of Columbus Division of Fire, Sean McCray and Charles Pritsel, testified that the victim had wounds on her neck and a knife sticking out of her neck in one of the wounds. The victim also had penetration wounds on her stomach, shoulder, thigh, abdomen, and back that appeared as if inflicted with a knife. The state also submitted photographs of a bloody, broken knife handle in the grass at the scene. Therefore, given our review of the evidence and testimony presented at trial, we find appellant has failed to demonstrate he was prejudiced by his counsel's performance, even if we had deemed it defective. For these reasons, appellant's first assignment of error is overruled.
 {¶ 12} We will address appellant's second and third assignments of error together, as they are related. Appellant argues in his second assignment of error that the trial court erred in sentencing him because attempted murder and felonious assault with a deadly weapon are allied offenses of similar import, and the trial court should have only sentenced him on one offense instead of ordering consecutive sentences on the two counts. Appellant argues in his third assignment of error that the trial court erred, in violation of his rights against double jeopardy, when it sentenced him to consecutive prison terms for felonious assault with a deadly weapon and attempted murder. The phrase "allied offenses of similar import" means that the elements of two crimes correspond to such a degree that one crime cannot be committed without also committing the other. State v.Jones (1997), 78 Ohio St.3d 12, 13. R.C. 2941.25 governs allied offenses of similar import and provides:
(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.
(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.
The double jeopardy protections afforded by the federal and state constitutions guard citizens against cumulative punishments for the same offense. State v. Rance (1999), 85 Ohio St.3d 632,634.
 {¶ 13} We follow a two-step test to determine whether two crimes with which a defendant is charged are allied offenses of similar import. Jones, supra, at 13; State v. Blankenship
(1988), 38 Ohio St.3d 116, 117. In the first step, we compare the elements of the two crimes to determine whether they correspond to such a degree that the commission of one crime results in the commission of the other. In engaging in this comparison, we examine the statutorily defined elements of the offenses in the abstract, not in context of the particular facts of the case before us. Rance, supra, at paragraph one of the syllabus. If the two crimes do so correspond, the crimes are allied offenses of similar import, and we must proceed to the second step. Id.;Blankenship, at 117. In the second step, we review the defendant's conduct. If we find that the crimes were committed separately or that there was a separate animus for each crime, then the defendant may be convicted of both offenses. Rance, at 639, citing Jones, at 14.
 {¶ 14} R.C. 2903.11, felonious assault, provides, in pertinent part:
(A) No person shall knowingly do either of the following:
* * *
(2) Cause or attempt to cause physical harm to another or to another's unborn by means of a deadly weapon or dangerous ordnance.
 {¶ 15} R.C. 2923.02, attempt, provides, in pertinent part:
(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense.
 {¶ 16} R.C. 2903.02, murder, provides, in pertinent part:
(A) No person shall purposely cause the death of another or the unlawful termination of another's pregnancy.
 {¶ 17} This court has recently reiterated that attempted murder and felonious assault "`do not merge for the purposes of sentencing under R.C. 2941.25 because a comparison of their respective elements reveals that they are not offenses of similar import.'" State v. Hall, Franklin App. No. 05AP-957,2006-Ohio-2742, at ¶ 18, quoting State v. Waddell (Aug. 15, 2000), Franklin App. No. 99AP-1130. "`Each offense requires proof of at least one element that the other does not.'" Id. Thus, convictions and multiple punishments for conduct constituting both attempted murder and felonious assault do not violate the prohibition against double jeopardy. Id. Other appellate courts have agreed that attempted murder and felonious assault are not allied offenses of similar import. See, e.g.,State v. Church, 161 Ohio App.3d 589, 2005-Ohio-2984; State v.Nicholson, Cuyahoga App. No. 85635, 2005-Ohio-5687; State v.Shinn (June 14, 2000), Washington App. No. 99CA29; but, see,State v. Puckett (Mar. 27, 1988), Greene App. No. 97CA43 (decided prior to Rance, finding felonious assault and attempted murder were allied offenses of similar import). Given our recent decision in Hall and our prior decision inWaddell, we find the trial court properly found that appellant's felonious assault conviction and attempted murder conviction did not merge for purposes of sentencing, and the sentence did not violate appellant's double jeopardy rights. Therefore, appellant's second and third assignments of error are overruled.
 {¶ 18} Accordingly, appellant's three assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Sadler and French, JJ., concur.