[Cite as *State v. Brime*, 2025-Ohio-2407.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 23AP-488 |
| v. | : | (M.C. No. 2023 CRB 3528) |
| Carlos M. Brime, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 8, 2025

**On brief:** *Zachary M. Klein*, City Attorney, *Orly Ahroni*, *Melanie L. Tobias-Hunter*, and *Dave Pelletier*, for appellee. **Argued:** *Dave Pelletier*.

**On brief:** *Alana L. Van Gundy*, for appellant. **Argued:** *Alana L. Van Gundy*.

APPEAL from the Franklin County Municipal Court

BEATTY BLUNT, J.

{¶ 1} Defendant-appellant, Carlos M. Brime, appeals from a judgment of conviction and sentence entered by the Franklin County Municipal Court pursuant to a jury verdict finding him guilty of one count of violating a civil protection order, in violation of R.C. 2919.27, a misdemeanor of the first degree. (Aug. 3, 2023 Jgmt. Entry.) For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶ 2} Appellant was charged with three counts of violation of a civil protection order, in violation of R.C. 2919.27, each count a misdemeanor of the first degree, in M.C. case Nos. 2023 CRB 20270, 2023 CRB 3528, and 2023 CRB 4178. Each count carried a potential sentence of 180 days in jail and up to a $1,000 fine. Appellant entered a not guilty plea to the charges and requested a jury trial. The cases were joined for purposes of trial.

{¶ 3} On May 30, 2023, a jury trial commenced. Following opening statements but prior to the presentation of any evidence, the state dismissed the count in M.C. case No. 2023 CRB 4178, which related to four telephone calls allegedly made by appellant while he was incarcerated awaiting trial. After a discussion between counsel and the trial court regarding whether any prejudice to appellant arose as a result of the dismissal following opening statements, defense counsel orally moved for the trial court to declare a mistrial. Defense counsel argued that the statements made by the state in opening statements pertaining to the dismissed count in M.C. case No. 2023 CRB 4178, including the fact that appellant was incarcerated at the time the four telephone calls were made, resulted in prejudice to appellant. The state opposed the motion, asserting that the trial court could provide a curative instruction to remedy the reference to facts in the opening statements that were inadmissible due to the dismissal of the count in M.C. case No. 2023 CRB 4178. The trial court preliminarily denied the motion for a mistrial but requested that the parties submit briefing on the matter and indicated the motion would be considered overnight.

{¶ 4} The trial continued to proceed, and the state called K.S., the victim in this case. K.S. testified that appellant is her ex-boyfriend, whom she had dated for two or three years. After they were no longer dating, she applied for and was granted an ex-parte civil protection order against appellant, and later was granted a full one-year civil protection order against appellant. K.S. testified that despite the order, appellant continued to contact her by telephoning her and texting her. K.S. was able to identify appellant by his voice, which she recognized because during their relationship they "talked all the time, every single day." (May 30-31, 2023 Tr. Vol. I at 121-122.)

{¶ 5} K.S. testified specifically that appellant contacted her on March 5, 2023, by telephoning her. She knew the identity of the caller as being appellant by his voice. K.S. authenticated the state's Exhibits 5c and 5d as recordings she made of appellant telephoning her. K.S. testified that she contacted police to file a report when she received the calls.

{¶ 6} Upon cross-examination, it was shown that there was a potential discrepancy in the police report, that there was no indication of the date the calls were made within the recordings themselves, and that K.S. was not inside the state of Ohio when she received one

of the calls she recorded and that was played by the state at trial. After the state presented K.S.'s testimony, the trial adjourned for the day.

{¶ 7} The trial resumed the next day, and before more testimony was presented, a discussion was held on the record regarding the motion for a mistrial made by counsel for appellant. Ultimately, the trial court indicated it was inclined to grant the motion. However, counsel for appellant then withdrew her motion for a mistrial, declaring "I can't imagine that we're going to get honestly a better jury and a worse prosecuting witness testimony than what we got in the trial that we had, honestly." (June 1, 2023 Tr. Vol. II at 169-170.) The trial court noted that withdrawing the motion for a mistrial would result in a waiver of the error which formed the basis of the mistrial, had the motion been granted. Counsel for appellant confirmed that she understood that waiver of an assignment of error for this issue upon appeal was a consequence of withdrawing the motion for mistrial.

{¶ 8} The state then called Matthew Fojas, an officer with the Columbus Division of Police. Officer Fojas took the report from K.S. on March 5, 2023, which ultimately led to the filing of charges against appellant. Officer Fojas testified that at the time charges were filed, and in support of her complaint, K.S. permitted him to listen to a recording of a conversation on a cellular phone.

{¶ 9} The state next called Deputy Pierce of the Franklin County Sheriff's Office, who testified that he had personally executed service of the civil protection orders upon appellant, as reflected in the state's Exhibits 2 and 4. He further identified appellant as the individual to whom the protection orders were served.

{¶ 10} Finally, the state called as its last witness Columbus Police Officer Joshua Milstead, who offered testimony which related only to the violation of a protection order charges alleged in M.C. case No. 2023 CRB 2070, of which appellant was ultimately acquitted and which is not the subject of this appeal.

{¶ 11} Appellant presented no witnesses or evidence and rested his case, and the case was submitted to the jury for deliberations.

{¶ 12} At the conclusion of the trial, the jury returned a verdict finding appellant not guilty of one count of violation of a protection order in M.C. case No. 2023 CRB 2070, and guilty of one count of violation of a protection order in M.C. case No. 2023 CRB 3528, in violation of R.C. 2919.27, a first-degree misdemeanor. (Aug. 3, 2023 Jgmt. Entry.) On

No. 23AP-488

August 3, 2023, the trial court issued a judgment entry which reflected the verdict of the jury and imposed a sentence of 146 total days in the Franklin County Corrections Center, with 86 days credited for time served, resulting in a 60-day jail sentence remaining. *Id.*

{¶ 13} This timely appeal followed.

## II. Assignments of Error

{¶ 14} Appellant asserts the following three assignments of error for our review:

[1.] MR. BRIMES ATTORNEYS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THEY WITHDREW THEIR MOTION REQUESTING A MISTRIAL.

[2.] MR. BRIMES ATTORNEYS PROVIDED INEFFECTIVE ASSISTANCE OF COUNSEL WHEN THEY WAIVED HIS RIGHT TO APPEAL.

[3.] UNDER THE *CLARK* STANDARDS, APPELLANT BRIMES CONVICTION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

(Sic passim.)

## III. Discussion

### A. First and Second Assignments of Error

{¶ 15} Appellant's first and second assignments of error are interrelated, and we therefore address them together. In these assignments of error, appellant asserts that his counsel provided ineffective assistance by withdrawing appellant's motion requesting a mistrial and by purportedly waiving appellant's right to appeal. Neither assertion has merit.

{¶ 16} To establish ineffective assistance of counsel, appellant must show both (1) that counsel's performance was deficient, i.e., that counsel's performance fell below an objective standard of reasonable representation, and (2) that counsel's deficient performance prejudiced the defendant, i.e., that there is a reasonable probability that, but for counsel's errors, the proceeding's result would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-688, 694; *State v. Bradley*, 42 Ohio St.3d 136, 142-143 (1989). Matters of trial strategy and tactics, even debatable ones, do not establish ineffective assistance of counsel. *State v. Zhu*, 2021-Ohio-4577, ¶ 53 (10th Dist.), citing

*State v. Thompkins*, 2006-Ohio-6148, ¶ 9 (10th Dist.), citing *State v. Leonard*, 2004-Ohio-6235, ¶ 146.

{¶ 17} In this case, the motion for a mistrial was made after opening statements but before the testimony of K.S. had been heard by the jury, including some of the potentially problematic issues with her testimony (e.g., a discrepancy in the police report; being out of state for at least one of the phone calls). Further, had the motion for a mistrial been granted, the likely ultimate outcome would have been a retrial. There is nothing in the record indicating that the state would not have simply retried appellant, giving the state the opportunity to repair any deficiencies in K.S.'s testimony and/or supplement the evidence. Defense counsel's decision to withdraw the motion for a mistrial was a matter of strategy—indeed, counsel's reasoning for withdrawing the motion was, in essence, explained as such a strategy on the record. As noted previously, matter of trial strategy cannot establish ineffective assistance of counsel.

{¶ 18} Moreover, appellant has failed to explain how he was prejudiced by the withdrawal of the motion for a mistrial in any event. He asserts that the trial would not have proceeded but does not argue that the subsequent retrial would have ended with a result other than a conviction. Thus, appellant has failed to show how his trial counsel was deficient and/or how he was prejudiced by counsel withdrawing the motion for a mistrial.

{¶ 19} As for appellant's insistence that defense counsel's "waiver" of his right to assert as error on appeal based on the potential basis for a mistrial was indicative of ineffective assistance, we reject such a proposition on its face. Counsel did not affirmatively waive appellant's right to appeal this issue; rather, waiver of the mistrial issue on appeal was simply the natural legal consequence of withdrawing the motion for a mistrial. Appellant's attempt to characterize this natural consequence of withdrawing the motion as a separate instance of deficient performance is completely baseless.

{¶ 20} Accordingly, appellant's first and second assignments of error are overruled.

**B. Third Assignment of Error**

{¶ 21} In his third assignment of error, appellant asserts his conviction was against the manifest weight of the evidence. We disagree.

{¶ 22} Weight of the evidence "addresses the evidence's effect of inducing belief," i.e., "whose evidence is more persuasive -- the state's or the defendant's?" *State v. Wilson*,

2007-Ohio-2202, ¶ 25, citing *State v. Thompkins*, 78 Ohio St.3d 380, 386-387, (1977). "When a court of appeals reverses a judgment of a trial court on the basis that the verdict is against the weight of the evidence, the appellate court sits as a 'thirteenth juror' and disagrees with the factfinder's resolution of the conflicting testimony." *Thompkins* at 387, citing *Tibbs v. Florida*, 457 U.S. 31, 42 (1982). " 'The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.' " *Id.*, quoting *State v. Martin*, 20 Ohio App.3d 172, 175 (1st Dist. 1983). This discretionary authority " 'should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.' " *Id.*, quoting *Martin* at 175.

{¶ 23} Furthermore, " '[w]hile the jury may take note of the inconsistencies and resolve or discount them accordingly, . . . such inconsistences do not render defendant's conviction against the manifest weight or sufficiency of the evidence.' " *State v. Gullick*, 2014-Ohio-1642, ¶ 10 (10th Dist.), quoting *State v. Nivens*, 1996 Ohio App. LEXIS 2245, *7 (May 28, 1996). It is well-settled that "[a] jury, as the finder of fact and the sole judge of the weight of the evidence and the credibility of the witnesses, may believe or disbelieve all, part, or none of a witness's testimony." *Id.*, citing *State v. Antill*, 176 Ohio St. 61, 67 (1964).

{¶ 24} A conviction is not against the manifest weight of the evidence simply because the jury believed the state's version of events over the appellant's version. *Gullick* at ¶ 11, citing *State v. Houston*, 2005-Ohio-449, ¶ 38 (10th Dist.) (reversed and remanded in part on other grounds). Rather, a reviewing court must give great deference to the jury's determination of witness credibility. *Id.*, citing *State v. Chandler*, 2006-Ohio-2070, ¶ 19 (10th Dist.). This is so because the jury " ' "is best able to view the witnesses and observe their demeanor, gestures, and voice inflections, and use these observations in weighing the credibility of the proffered testimony." ' " *State v. Huber*, 2019-Ohio-1862, ¶ 32 (10th Dist.), quoting *State v. Cattledge*, 2010-Ohio-4953, ¶ 6 (10th Dist.), quoting *Seasons Coal Co., Inc. v. Cleveland*, 10 Ohio St.3d 77, 80 (1984).

{¶ 25} Moreover, it is settled that " '[t]he testimony of one witness, if believed by the jury, is enough to support a conviction.' " *State v. Steward*, 2019-Ohio-5258, ¶ 17 (10th Dist.), quoting *State v. Patterson*, 2016-Ohio-7130, ¶ 33 (10th Dist.); *State v. Flores-*

No. 23AP-488

*Santiago*, 2020-Ohio-1274, ¶ 38 (8th Dist.) ("A conviction may rest solely on the testimony of a single witness, including the victim, if believed, and there is no requirement that a victim's testimony be corroborated to be believed."). Thus, when considering the manifest weight of the evidence, " 'it is inappropriate for a reviewing court to interfere with factual findings of the trier of fact * * * unless the reviewing court finds that a reasonable juror could not find the testimony of the witness to be credible.' " (Further quotation marks deleted and citations omitted.) *State v. Anderson*, 2015-Ohio-4458, ¶ 17 (10th Dist.), quoting *State v. Redman*, 2011-Ohio-1894, ¶ 7 (10th Dist.), citing *State v. Brown*, 2002-Ohio-5345, ¶ 10 (10th Dist.).

{¶ 26} In this case, appellant was charged with violation of a protection order under R.C. 2919.27. To obtain a conviction, the state had to introduce evidence proving that appellant recklessly violated a term of a protection order issued pursuant to section 3113.31 of the Revised Code. R.C. 2919.27(A).

{¶ 27} The state presented evidence of the subject protection order naming appellant as the restrained party. One of the terms included in the protection order was a prohibition against appellant to contact K.S. in any manner, including by telephone. The state further presented evidence that appellant had been served with the protection order via Deputy Pierce's testimony and a certified copy of a completed order to serve the protection order, which was admitted into evidence.

{¶ 28} K.S. testified that she was very familiar with appellant's voice, based on years of frequent telephone communications during the course of their relationship. (May 30-31, 2023 Tr. Vol. I at 121-122.) She testified that appellant had telephoned or texted her multiple times, "every single day . . . [e]very single day since that order it was always a call or a text message from different numbers[.]" *Id.* at 131. She specifically testified that appellant had called her multiple times on March 5, 2023, that she recognized appellant by his voice, and that she recorded some of the calls to document the fact that he was contacting her in violation of the protection order. *Id.* at 131, 134-135.

{¶ 29} The jury was entirely free to believe K.S.'s testimony that appellant contacted her by telephone multiple times in violation of the protection order, corroborated by the evidence presented in the form of the recordings of the telephone call and voicemail from March 5, 2023. *Gullick*, 2014-Ohio-1642, at ¶ 10-11 (10th Dist.). And, as noted above,

" '[t]he testimony of one witness, if believed by the jury, is enough to support a conviction.' " *Steward*, 2019-Ohio-5258, at ¶ 17 (10th Dist.), quoting *Patterson*, 2016-Ohio-7130, at ¶ 33 (10th Dist.). Nor did appellant present any evidence to rebut K.S.'s testimony.

**{¶ 30}** Therefore, considering all the evidence together, the jury did not clearly lose its way in concluding appellant violated the civil protection order by making telephone calls to K.S. in contravention of the terms of the protection order. Therefore, appellant's conviction is not against the manifest weight of the evidence

**{¶ 31}** Accordingly, appellant's third assignment of error is overruled.

## IV. Disposition

**{¶ 32}** Having overruled each of appellant's three assignments of error, we affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

MENTEL and BOGGS, JJ., concur.

───────────